## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kari A. Heacock<br>Howard Wayne Heacock Jr. aka H. Wayne Heacock, Jr.<br>　　　　　Debtor(s) | CHAPTER 13 |
| NATIONSTAR MORTGAGE LLC"<br>　　　　　Moving Party<br>　　vs.<br>Kari A. Heacock<br>Howard Wayne Heacock Jr. aka H. Wayne Heacock, Jr.<br>　　　　　Respondent | NO. 16-18118 AMC<br><br>11 U.S.C. Section 362 |
| William C. Miller Esq.<br>　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$10,850.25**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 1, 2017 to October 1, 2017 at $1,859.18/month |
| Suspense Balance: | $1,335.83 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$10,850.25** |

2. The Debtor shall cure said arrearages in the following manner:

　　a). Debtor shall make post-petition payments directly to Secured Creditor outside of the plan in accordance with the terms of the trial loan modification.

　　b). In the event a final loan modification is unsuccessful, Debtor is responsible for the difference between the trial modification payment and the regular payment for the months this loan was in the trial modification

　　c). In the event a final loan modification is unsuccessful, Debtor shall file a modified plan to address the pre- and post-petition arrears to Secured Creditor within fifteen (15) days of the denial of the modification and Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears along with the pre-petition arrears;

d). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the approval of the final loan modification, Debtor shall pay to Movant the present regular monthly mortgage payment pursuant to the terms of the final loan modification (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the actions under Section 2 do not occur or the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 17, 2017          By: /s/ Rebecca A. Solarz, Esquire
                                  Rebecca A. Solarz, Esquire
                                  Attorney for Movant
                                  KML Law Group, P.C.
                                  701 Market Street, Suite 5000

Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 10/19/17

*/s/ Stephen V Bottiglieri/*
Stephen Vincent Bottiglieri
Attorney for Debtors

Date: 10-19-17

*/s/ Jack Miller/*
William C. Miller   JACK MILLER
Chapter 13 Trustee

No objection

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan