United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                   Case No. 16-18118-amc
Howard Wayne Heacock, Jr.                                                Chapter 13
Kari A. Heacock
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2         User: Virginia              Page 1 of 1            Date Rcvd: Oct 24, 2017
                             Form ID: pdf900             Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 26, 2017.
db/jdb        +Howard Wayne Heacock, Jr.,   Kari A. Heacock,   2213 Briarcliff Avenue,
               Boothwyn, PA 19061-3848

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 26, 2017                               Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 24, 2017 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              CHRISTINE C. SHUBERT    on behalf of Trustee CHRISTINE C. SHUBERT christine.shubert@comcast.net,
               J100@ecfcbis.com
              JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,
               ecfemails@ph13trustee.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
              STEPHEN VINCENT BOTTIGLIERI    on behalf of Debtor Howard Wayne Heacock, Jr.
               steve@bottiglierilaw.com, ecfnotice@comcast.net
              STEPHEN VINCENT BOTTIGLIERI    on behalf of Joint Debtor Kari A. Heacock steve@bottiglierilaw.com,
               ecfnotice@comcast.net
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                              TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kari A. Heacock<br>Howard Wayne Heacock Jr. aka H. Wayne Heacock, Jr.<br>Debtor(s) | CHAPTER 13 |
| NATIONSTAR MORTGAGE LLC"<br>Moving Party<br>vs.<br>Kari A. Heacock<br>Howard Wayne Heacock Jr. aka H. Wayne Heacock, Jr.<br>Respondent | NO. 16-18118 AMC<br><br>11 U.S.C. Section 362 |
| William C. Miller Esq.<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $10,850.25, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 1, 2017 to October 1, 2017 at $1,859.18/month |
| Suspense Balance: | $1,335.83 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$10,850.25** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Debtor shall make post-petition payments directly to Secured Creditor outside of the plan in accordance with the terms of the trial loan modification.

    b). In the event a final loan modification is unsuccessful, Debtor is responsible for the difference between the trial modification payment and the regular payment for the months this loan was in the trial modification

    c). In the event a final loan modification is unsuccessful, Debtor shall file a modified plan to address the pre- and post-petition arrears to Secured Creditor within fifteen (15) days of the denial of the modification and Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears along with the pre-petition arrears;

    d). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the approval of the final loan modification, Debtor shall pay to Movant the present regular monthly mortgage payment pursuant to the terms of the final loan modification (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the actions under Section 2 do not occur or the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 17, 2017                       By: /s/ Rebecca A. Solarz, Esquire
                                                            Rebecca A. Solarz, Esquire
                                                            Attorney for Movant
                                                            KML Law Group, P.C.
                                                           701 Market Street, Suite 5000

Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 10/19/17

*Stephen V Bottiglieri* (signature)
Stephen Vincent Bottiglieri
Attorney for Debtors

Date: 10-19-17

*Jack Miller* (signature)
William C. Miller    JACK MILLER
Chapter 13 Trustee    No objection

Approved by the Court this 24th day of October, 2017. However, the court retains discretion regarding entry of any further order.

*Ashely* (signature)

Bankruptcy Judge
Ashely M. Chan