**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | : Bankruptcy No. 16-18118-AMC |
| Howard Wayne Heacock, Jr. a/k/a H. Wayne Heacock, Jr. and Kari A. Heacock | : Chapter 13 |
|     Debtors | : |
| | : |
| Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-2 c/o Select Portfolio Servicing, Inc. | : |
|     Movant | : |
|     vs. | : |
| | : |
| Howard Wayne Heacock, Jr. a/k/a H. Wayne Heacock, Jr. and Kari Heacock | : |
|     Debtors/Respondents | : |
|     And | : |
| William C. Miller, Esquire | : |
|     Trustee/Respondent | : |

**CONSENT ORDER / STIPULATION AGREEMENT SETTLING**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

AND NOW, upon the Motion of Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-2 c/o Select Portfolio Servicing, Inc. ("Creditor"/ "Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d) as to certain property, 2213 Briarcliff Avenue, Marcus Hook, PA 19061  (the "Property"), it is hereby agreed as follows:

1.      On March 03, 2020, Movant filed a Motion for Relief from Automatic Stay (the "Motion") against Debtors, Howard Wayne Heacock, Jr. a/k/a H. Wayne Heacock and Kari Heacock (hereafter, "Debtors"), as they were delinquent on their monthly post-petition mortgage payments from October 1, 2019 to Movant.

2.      Debtors have since tendered funds to Movant to cure the post-petition arrears, and the account is currently due for the April 01, 2020 post-petition monthly mortgage payment. Debtors agree to remain current and continue making the regular monthly mortgage payments (currently $*1,728.62/month*) to Movant, beginning on ***April 01, 2020***.  In the event the regular monthly payment changes for any reason, then the amount due pursuant to this paragraph shall be adjusted accordingly.

3.      Debtors shall make their required regular monthly plan payments to the Trustee.

      4.      Debtors shall send all regular monthly post-petition payments due directly to Creditor at the address below:

**Select Portfolio Servicing, Inc.**
**Attn: Remittance Processing, P.O. Box 65450**
**Salt Lake City, UT 84165-0450**

**Select Portfolio Servicing, Inc.'s** loan **#xxxxx8588** must appear on each payment.

      5.      In the event Debtors fail to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtors and Debtors' counsel notice of the default. If Debtors do not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtors and Debtors' counsel, Creditor shall immediately have relief from the bankruptcy stay.

      6.      The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

      7.      Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

      8.      In the event Debtors convert to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted.  If Debtors fail to make payments in accordance with this paragraph then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

      9.      It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

By signing this Stipulation, Debtors' Counsel represents that the Debtors are familiar with and understand the terms of this Stipulation and agrees to said terms regardless of whether the Debtors have actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Stephen M. Hladik
Stephen M. Hladik, Esquire
Counsel for Creditor

Date: 03/24/2020

/s/ Stephen Vincent Bottiglieri
Stephen Vincent Bottiglieri, Esquire
Counsel for Debtors

Date: 03/24/2020

/s/ Terry Wall, Esquire
for William C. Miller, Esquire
Trustee
Date: 03/29/2020

AND NOW, this _____ day of _____, 2020, it is hereby ORDERED that this Stipulation Agreement between the parties is hereby approved.

**Date: April 3, 2020**

_____
Honorable Ashely M. Chan
U.S. Bankruptcy Judge